EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, and JAMES M. TUNNELL, Executors of and Trustees under the Last Will and Testament of Edward W. Pyle, deceased,

*vs.*

HARRIET R. PYLE, ROGER VANDEGRIFT, MILTON S. PYLE and LADIES AID SOCIETY OF THE METHODIST EPISCOPAL CHURCH AT ST. GEORGE'S.

*Sussex, July* 18, 1938.

*James M. Tunnell, Sr.*, of the firm of Tunnell & Tunnell, for complainants.

*Myer Ableman*, for defendants.

THE CHANCELLOR: The testator directed his trustees to pay the annual sums of six thousand dollars to his wife for life, four thousand dollars to Roger Vandegrift for life, one thousand dollars to Milton S. Pyle for ten years and one thousand dollars to the Ladies Aid Society of the Methodist Episcopal Church at St. Georges, in Baltimore Hundred, Sussex County, Delaware, for ten years.

The complainants seek by their bill to be instructed upon the question of whether these annual payments are payable only out of the income derived from the trust corpus, or whether, in case the income is insufficient for the purpose, the principal should be encroached upon to supply the deficiency.

I treat the case as submitted to be heard on bill and answer notwithstanding the absence of an election in writing that it be so heard. The parties have in effect so submitted it and the election under *Rule* 43 can be filed *nunc pro tunc.*

When a cause is heard on bill and answer, the court looks to the bill and answer for the facts, the well pleaded, material and relevant allegations of the answer being taken as true. In this case the answer admits all the facts alleged in the bill and joins in the complainants' request for instructions.

The bill therefore, shows the facts which are the basis of the requested instruction. If we look at the bill, all that we find concerning the financial status of the estate is that the testator died possessed of personal property valued at slightly more than one hundred thousand dollars and of certain real estate, the value of which is not stated, which is subject to a mortgage of eighty-five thousand dollars. What the income is which the trustees receive is nowhere stated. There is no allegation that it is insufficient, without touching the principal, to cover the annual payments.

If the question is answered upon which the trustees seek to be instructed, the court must make for itself the assumption that the income is insufficient. Now that makes the case a purely hypothetical one. Substantially speaking, the bill is one which says—"if such and such be so, what should the trustees do?" *Non constat,* such and such may not be so. In that event, the court would be answering a theoretical question.

I do not think the court should permit itself to answer a question propounded by trustees unless facts are shown actually to have arisen which make the question one of present exigency.

I therefore decline to assume a state of affairs not shown to exist and then proceed to express an opinion thereon. I may say that in the brief of the solicitor for the complainants there are numerous statements of fact. But a case does not gather its facts from the briefs.

If this cause comes forward again, as it probably will, all facts relied on by either party as an aid to the will's interpretation should be incorporated in the record in some way. Otherwise the court can take no notice of them.

The cause will stand over with leave to the complainants to re-submit it after having either amended their bill or after having filed a stipulation entered into by all parties showing the relevant facts on which it is to be decided.